UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NIKKILYNN MORRISON** and
**JAMES MORRISON**,

    **Plaintiff**

vs.                                                Case No.

**CHALLENGING IDEAS, INC.**,
a Florida Profit Corporation and
**VIRGINIA RIGGS**, an individual,

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs **NIKKILYNN MORRISON and JAMES MORRISON** (collectively "Plaintiffs"), by and through the undersigned counsel, hereby sue Defendants **CHALLENGING IDEAS, INC.** ("Challenging Ideas") and **VIRGINIA RIGGS** ("Riggs")(collectively "Defendants") and allege as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.* ("FLSA").

2. During the two years prior to the filing of this action ("Liability Period"), Defendants had a policy and practice of requiring or permitting Plaintiffs to work in excess of forty (40) hours in each workweek without paying Plaintiffs time and one half the regular rate as required by the FLSA.

3. Pursuant to the FLSA, Plaintiffs seek overtime compensation, liquidated damages, post-judgment interest and attorneys' fees and costs from Defendants.

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction over these claims.

5. Venue is proper in the Court because all facts material to all claims set forth herein occurred in Pasco County, Florida.

**PARTIES**

6. At all times material to this action, Plaintiffs were residents of Pasco County.

7. At all times material to this action, Challenging Ideas, Inc. was a Florida Profit Corporation conducting business in Pasco County, Florida subject to the requirements of the FLSA.

8. At all times material to this action, Virginia Riggs was the President and sole owner of Challenging Ideas, Inc. and conducting business in Pasco County, Florida subject to the requirements of the FLSA.

9. At all times material to this action, Plaintiffs were employees of Defendants pursuant to the terms of all applicable statutes and Defendants were the employer of Plaintiffs pursuant to the terms of all applicable statutes.

**GENERAL ALLEGATIONS**

10. Defendants operated a home health company.

11. Plaintiff Nikkilynn Morrison began working for Defendants in or around February 2018.

12. Plaintiff James Morrison began working for Defendants in or around January 2018.

13. Plaintiffs worked for Defendants as home health aides.

14. Upon information and belief, Defendants have at least 2 employees.

15. Upon information and belief, Defendants do at least $500,000 a year in business.

16. Plaintiffs and/or Defendants were engaged in interstate commerce or in the production of goods for commerce.

17. Plaintiffs were misclassified as independent contractors, but were employees of Defendants.

18. Plaintiffs did not satisfy the requirements for any of the exemptions set forth in the FLSA.

19. Plaintiffs regularly worked in excess of forty (40) hours in a workweek while employed by Defendants.

20. Despite working in excess of forty (40) hours in a workweek, Plaintiffs did not receive overtime payments at a rate not less than one and one-half (1 and 1/2) times their regular rate for such overtime hours.

21. All administrative notice requirements and prerequisites have been satisfied.

22. Plaintiffs have retained the services of the undersigned attorneys and are obligated to pay the undersigned a reasonable fee for their services.

23. Plaintiffs demand a trial by jury on all claims alleged herein.

## COUNT I
## VIOLATIONS OF THE OVERTIME REQUIREMENTS OF THE FLSA AS TO NIKKILYNN MORRISON

24. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 23 as if fully stated herein.

25. Defendants' failure to provide Plaintiff Nikkilynn Morrison overtime compensation at a rate not less than one and one-half (1 and 1/2) times her regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

    a)    a judgment that Defendant violated 29 U.S.C. §207 of the Fair Labor Standards Act;

    b)    damages for the amount of unpaid overtime compensation owed to Plaintiff;

    c)    liquidated damages, pursuant to 29 U.S.C. §216(b), in an amount equal to the overtime compensation owed to Plaintiff;

    d)    post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b); and

    e)    any other additional relief as the Court deems just and proper.

## COUNT II
## VIOLATIONS OF THE OVERTIME REQUIREMENTS OF THE FLSA AS TO JAMES MORRISON

26.    Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 23 as if fully stated herein.

27.    Defendants' failure to provide Plaintiff James Morrison overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiffs pray that this Court award the following relief:

    a)    a judgment that Defendant violated 29 U.S.C. §207 of the Fair Labor Standards Act;

    b)    damages for the amount of unpaid overtime compensation owed to Plaintiff;

    c)    liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to Plaintiff;

    d)    post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

     e)  any other additional relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff requests trial by jury on all issues so triable.

Respectfully submitted,

/s/ Michelle Erin Nadeau
**Ryan D. Barack**
Florida Bar No. 0148430
rbarack@employeerights.com
Jackie@employeerights.com
**Michelle Erin Nadeau**
Florida Bar No. 0060396
mnadeau@employeerights.com
Jackie@employeerights.com
**Kwall Barack Nadeau PLLC**
304 S. Belcher Rd., Suite C
Clearwater, Florida 33765
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiffs
